**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Taylor, ) | No. CV 07-02013-PHX-EHC |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Action Barricade Company, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff, an African American man, brings this action alleging racial discrimination and retaliation in employment under the provisions of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), and 42 U.S.C. §1981 ("§ 1981"). (Dkts. 1, 5).[1] Plaintiff sues multiple Defendants: Action Barricade Company, LLC,[2] Barricade Management, Inc., Ledbetter Enterprises, LLC, WRS Livestock and Land Company, LLC, Gale Force Ventures, LLC (collectively the "Corporate Defendants"), John Ledbetter, Sr., John Ledbetter, Jr., and Lisa Ledbetter (collectively the "Individual Defendants"). (Dkt. 1). The Corporate Defendants contend that Plaintiff's Title VII and § 1981 claims must be dismissed because

---

[1] Plaintiff filed his original Complaint (Dkt. 1) on October 1, 2007, which was amended as a matter of right on November 1, 2007. (*See* Dkt. 5, First Amended Complaint ("Amended Complaint")).

[2] Defendant Action Barricade Company, LLC, has not filed a motion to dismiss with respect to either of Plaintiff's Title VII or 42 U.S.C. §1981 claims against it.

the Amended Complaint: (1) fails to allege that they ever employed Plaintiff, (2) could not so allege because they are not employers as defined by Title VII, and (3) fails to allege any personal involvement by them with respect to Plaintiff's claims of discrimination as required by § 1981. (Dkt. 16, pg. 5). Defendants John Ledbetter, Sr., John Ledbetter, Jr., and Lisa Ledbetter also request dismissal of Plaintiff's Title VII claims against them because they contend that liability under Title VII does not extend to individual employees. (Dkt. 16, pg. 8). Defendant John Ledbetter, Sr. further requests dismissal of Plaintiff's § 1981 claim against him because he contends that the Amended Complaint fails to allege any affirmative actions or participation by him in the alleged discriminatory conduct giving rise to the alleged § 1981 violation. (Dkt. 16, pg. 9).

The Corporate Defendants and Defendant John Ledbetter, Sr. have also filed a Motion for Sanctions (Dkt. 20) pursuant to Fed. R. Civ. P. 11(c)(1)(A). These Defendants contend that Plaintiff joined them without evidentiary support or reasonable belief that evidence existed to name them as Defendants for the sole purpose of harassing them and causing them to incur expenses (Dkt. 20, pg. 1). Thus, these Defendants request that Plaintiff be ordered to pay their attorneys' fees incurred in bringing their Motion for Sanctions (Dkt 20) and the Motion to Dismiss (Dkt 18).

**I. Motion to Dismiss Standard**

To withstand a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff's allegations, liberally construed, must support a viable theory of relief.[3] *See Loyd v. Paine Webber, Inc.*, 208 F.3d 755, 759 (9th Cir. 2000). In considering a defendant's motion to dismiss, the Court does not ask whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. *See Bell*

---

[3]Plaintiff is appearing *pro se.* The Ninth Circuit upholds a "policy of liberal construction in favor of pro se litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, see 28 U.S.C. § 1654, and are entitled to meaningful access to the courts. *Rand*, 154 F.3d at 957 (citing *Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct. 1491 (1977)); *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963 (1974); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747 (1969).

*Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). A court may dismiss a complaint for failure to state a claim when a plaintiff has not alleged "enough facts to state a claim of relief that is plausible on its face." *Id.* at 1974.[4]  The Supreme Court has also held that a complaint for employment discrimination need not contain specific facts establishing a prima facie case to survive a motion to dismiss; instead, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992 (2002) (quoting Fed. R. Civ. P. 8(a)(2)).

**II. Plaintiff's Claims Against the Corporate Defendants for Violation of Title VII**

Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.§ 2000e-2 (a)(1). The term "employer" is defined for purposes of Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year." 42 U.S.C. § 2000e (b).

The Corporate Defendants request dismissal of Plaintiff's Title VII claims against them, contending that they cannot be liable to Plaintiff for a Title VII claim because they are not "employers" as defined by 42 U.S.C. §2000e (b). (Dkt. 16, pg. 7).  They claim that none of the Corporate Defendants has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in calender years 2006 or 2007. (Dkt. 16, pg. 7). The Corporate Defendants further contend that they cannot be liable to Plaintiff for a Title

---

[4]In *Twombly*, the Supreme Court retired the often-quoted "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41 (1957).  The court stated that the "no set of facts" language from *Conley* had "been questioned, criticized, and explained away long enough[,]" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard[.]" *Twombly*, 127 S.Ct. at 1969.

1  VII violation as alleged simply by virtue of their ownership interest in the employer, Action
2  Barricade Company. (Dkt. 16, pg. 7).

3    The Amended Complaint fails to allege conduct by the Corporate Defendants, which
4  if proven, would establish liability under Title VII. Significantly, the Amended Complaint
5  does not allege that any of the Corporate Defendants were Plaintiff's "employer," nor does
6  it allege that any of them are "employer[s]" within the meaning of Title VII. (Dkt. 5).
7  Indeed, the only allegation even related to the Corporate Defendants states that they are
8  subject to service of process within the State of Arizona. (Dkt. 5).[5] This allegation does not
9  establish that they are employers within the meaning of Title VII. Moreover, absent rare
10 circumstances not relevant here, shareholders in a corporation cannot be held responsible for
11 the corporation's liability. *See Keffer v. H.K. Porter Co.*, 872 F.2d 60 (4th Cir. 1989).[6]

---

[5]In his Response to Defendants' Motion to Dismiss, Plaintiff contends that Corporate Defendants are "owners of Action Barricade Corporation, LLC" and that "it may be determined during discovery that said defendants have more than fifteen employees." (Dkt. 15, pgs. 4-5). While a court when considering a 12(b)(6) motion to dismiss must accept all well-pleaded allegations stated within a plaintiff's complaint as true, a court does not accept unsupported conclusions or unwarranted inferences cast in the form of factual allegations: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *See Twombly*, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Gomez v. Pima County*, 426 F. Supp. 816, 820 (D.C. Ariz. 1976) (a Title VII matter).

[6]The concept of piercing the corporate veil is a limitation on the accepted principles that a corporation exists independently of its owners, as a separate legal entity and that the owners are normally not liable for the debts of the corporation. *See Standage v. Standage*, 147 Ariz. 473, 475-76, 711 P.2d 612, 614-15 (App. Div. 1 1985); *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475, 123 S.Ct. 1655 (2003) ("The doctrine of piercing the corporate veil ... is the rare exception, applied in the case of fraud or certain other exceptional circumstances"). A court can disregard the corporate form and impose liability when "the corporation is shown to be the alter ego or business conduit of a person, and where observing the corporate form would work an injustice." *Standage*, 147 Ariz. at 615. Thus, a plaintiff can allege facts and circumstances that may persuade a court to impose corporate obligation on its owners. *See Morris v. New York State Dept. Of Taxation and Finance*, 82 N.Y.2d 135, 141 (2003). However, the Plaintiff in this case has not made any such allegations in his Amended Complaint (Dkt. 5).

1  Because Plaintiff's Amended Complaint fails to allege sufficient facts to state a Title VII
2  claim against the Corporate Defendants that is plausible on its face, the Corporate
3  Defendants' Motion to Dismiss with respect to the Title VII claims against them must be
4  granted. *See Twombly,* 127 S.Ct. at 1974.

**III. Plaintiff's Claims Against the Corporate Defendants for Violation of § 1981**

The Corporate Defendants also request dismissal of Plaintiff's §1981 claims against them. Section 1981 prohibits racial discrimination in the making and enforcement of contracts. The Ninth Circuit has held that, for purposes of establishing a § 1981 claim, a Plaintiff must allege that: 1) he belongs to a protected class, 2) he was performing according to his employer's legitimate expectations, 3) he suffered an adverse employment action at the hands of the defendant, and 4) other employees with qualifications similar to his were treated more favorably. *See Maduka v. Columbia/HCA Healthcare Corp.*, 234 F. App'x. 708, 710 (9th Cir. 2007); *Goldwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998).

Although an employment discrimination defendant need not plead a prima facia case of discrimination to survive a motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Swierkiewicz*, 534 U.S. at 512 (citing *Conley*, 355 U.S. at 47). Plaintiff's complaint does not give the Corporate Defendants fair notice of the grounds upon which the § 1981 claims against them rest; the complaint fails to allege any facts from which one could infer that Corporate Defendants participated in, took any affirmative action, or failed to take action they were required to take to prevent the discrimination alleged by the Plaintiff. As discussed, the sole allegation related to the Corporate Defendants states only that they are subject to service of process in the State of Arizona (Dkt. 5). Thus, Plaintiff's Amended Complaint fails to allege sufficient facts to state a § 1981 claim against Corporate Defendants that is plausible on its face, and the Corporate Defendants' Motion to Dismiss with respect to the § 1981 claims against them must be granted. *See Twombly,* 127 S.Ct. at 1974.

### IV. Plaintiff's Claims Against the Individual Defendants for Violation of Title VII

The Ninth Circuit has long held that Title VII does not provide a cause of action against supervisors or individual employees. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."); *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007); *Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir. 2003).

The Individual Defendants, John Ledbetter, Sr., John Ledbetter, Jr. and Lisa Ledbetter, request dismissal of Plaintiff's Title VII claims against them, contending that liability under Title VII does not extend to individual employees. (Dkt. 16, pg. 8). The Amended Complaint refers to Lisa Ledbetter as the "Office Administrator/ Human Resource Manager." (Dkt. 5, pg. 5). It further states that John Ledbetter, Jr. is the "Vice President of Operations," but nowhere identifies John Ledbetter, Sr. (Dkt. 5). In addition, the Amended Complaint does not allege that the Individual Defendants are "employers" as defined by 42 U.S.C. § 2000e, nor does it allege facts from which such an inference could be drawn. Because the Ninth Circuit does not permit Title VII claims to extend to individual employees or individual agents of the employer, Plaintiff cannot seek to hold the Individual Defendants personally liable. *See Miller*, 991 F.2d at 587-88. Thus, Plaintiff's Title VII claims against John Ledbetter, Sr., John Ledbetter Jr., and Lisa Ledbetter must be dismissed.

### V. Plaintiff's § 1981 Claim Against John Ledbetter, Sr.

Defendant John Ledbetter, Sr. also requests dismissal of Plaintiff's § 1981 claim against him.[7] The only references to John Ledbetter, Sr. in Plaintiff's Amended Complaint

---

[7] Defendants John Ledbetter, Jr. and Lisa Ledbetter have not requested dismissal of the 42 U.S.C. § 1981 claims against them. The Motion to Dismiss filed by Defendants (Dkt. 16) states that Plaintiff's Amended Complaint (Dkt. 5) has asserted "John Ledbetter, Jr. and Lisa Ledbetter took some affirmative action which Plaintiff contends constitutes a violation

- 6 -

1  are the general allegations that he is subject to service of process in the state of Arizona and
2  that he was delivered a copy of the summons and complaint. (Dkt. 5, pgs. 2, 3).  Plaintiff
3  offers no explanation in his Response (Dkt. 18) as to why he included John Ledbetter, Sr. in
4  the complaint.  Because the Amended Complaint does not allege sufficient facts to state a
5  § 1981 claim against John Ledbetter, Sr. that is plausible on its face, Plaintiff's § 1981 claim
6  against him must be dismissed. *See Twombly,* 127 S.Ct. at 1974.

**VI.  Fed. R. Civ. P. 11(c)(1)(A) Sanctions**

Defendants also filed a Motion for Sanctions contending that Plaintiff joined the Corporate Defendants and John Ledbetter, Sr. for the sole purpose of harassing them, thus causing them to incur unwarranted expenses.  (Dkt. 20).  Rule 11 of the Federal Rules of Civil Procedure permits a court to sanction any party that brings a frivolous or otherwise improper claim.  *See* Fed. R. Civ. P. 11(c)(1)(A).  Although Rule 11 applies to *pro se* plaintiffs, a court must take into account a plaintiff's *pro se* status when it determines whether a filing was reasonable.  *See Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990).  A court may also properly consider a plaintiff's ability to pay monetary sanctions as one factor in assessing sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1390  (9th Cir. 1994).  While Plaintiff may not be familiar with the complexities and scope of liability for claims under Title VII or § 1981, the Court cannot conclude that Plaintiff joined the Corporate Defendants or John Ledbetter, Sr. for an improper purpose.  *See Rand*, 154 F.3d at 957 (noting a "policy of liberal construction in favor of pro se litigants.").  Moreover, Plaintiff is indigent and proceeding *in forma pauperis* and would have no ability to pay a sanction even if ordered to do so.[8]  Thus, Defendants' Motion for Rule 11 Sanctions is denied.

//

//

---

of § 1981." (Dkt. 16, pg. 9).

[8]*See* Order Granting Motion for Leave to Proceed in Forma Pauperis.  (Dkt. 4).

- 7 -

Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss (Dkt. 16).

**IT IS FURTHER ORDERED** that Plaintiff's Title VII and 42 U.S.C. § 1981 claims against Defendants Ledbetter Enterprises, LLC, Barricade Management, Inc., WRS Livestock & Land Company, LLC, and Gale Force Ventures, LLC are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII claims against Defendants John Ledbetter, Sr., John Ledbetter, Jr., and Lisa Ledbetter are dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1981 claim against Defendant John Ledbetter, Sr. is dismissed.

**IT IS FURTHER ORDERED** that this case will proceed with Plaintiff's Title VII and 42 U.S.C. § 1981 claims against Defendant Action Barricade Company, LLC, and Plaintiff's 42 U.S.C. § 1981 claims against Lisa Ledbetter and John Ledbetter, Jr.

**IT IS FURTHER ORDERED** denying Defendants' Motion for Sanctions (Dkt. 20).

DATED this 25th day of June, 2008.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge